UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM D. TYNES,

     Petitioner,

v.                                                              Case No. 6:04-cv-1687-Orl-19JGG

JAMES V. CROSBY, JR.., et al.,

     Respondents.

_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10).  Petitioner did not file a reply to Respondents' response to the petition.

Petitioner alleges two claims for relief in his habeas petition: 1) the trial court imposed a vindictive sentence of thirty-six (36) months; and 2) he received ineffective assistance of counsel.

*Procedural History*

Petitioner was charged by information with possession of cocaine in violation of section 893.13(6)(a), Florida Statutes.[1]  Petitioner was tried by a jury; however, the trial court declared a mistrial after the jury could not reach a verdict.  On September 8 and 9, 2003, a second jury trial was conducted, and Petitioner was found guilty of possession of cocaine as charged in the information.  The trial court sentenced Petitioner to thirty-six (36) months in prison.

Petitioner filed a direct appeal with the Fifth District Court of Appeal; however, he voluntarily dismissed the appeal prior to adjudication.

On or about April 6, 2004, Petitioner filed a motion for postconviction relief, asserting two claims: 1) vindictive prosecution/sentence, and 2) ineffective assistance of trial counsel based on trial counsel's admission that "he had forgot [sic] to object to the State's introduction of evidence during the trial proceeding."  The trial court denied the motion for postconviction relief.  The trial court determined that the issue of vindictive sentencing should have been raised on direct appeal and that Petitioner's trial counsel did not provide ineffective assistance.  Petitioner appealed the trial court's denial of his motion for post-conviction relief to the Fifth District Court of Appeal which affirmed *per curiam*.

Petitioner then filed a motion to correct illegal sentence which the trial court denied. Petitioner appealed the trial court's ruling to the Fifth District Court of Appeal which

---

[1]The information also charged Petitioner with one count of delivery of cocaine in violation of section 893.13(1)(a)(1), Florida Statutes.  The State, however, *nol prossed* the count.

affirmed *per curiam*.

***Claim One***

Petitioner argues that his sentence of thirty-six (36) months was vindictive retaliation for refusing the State's offer of a sentence of twenty-four months in exchange for a plea of guilty. The record reflects that Petitioner intended to raise this claim on direct appeal to the Fifth District Court of Appeal, but did not.[2] Moreover, Petitioner voluntarily dismissed his direct appeal before it was adjudicated. (*See* App. C., Notice of Voluntary Dismissal.)

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[3] or (2) are not exhausted but would clearly be barred if returned to state court.[4] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims

_____

[2]The trial court record indicates that Petitioner intended to seek review of the judgment and sentence as evidenced by the inclusion of the claim in Petitioner's Statement of Judicial Acts to be Reviewed. *(See* App. A, Trial Ct. R. at 132.) The initial brief filed in Petitioner's direct appeal, however, contains only one claim which is that the trial court erred by failing to suppress the drug evidence. (*See* App. C., Initial Br. of Appellant.)

[3]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[4]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993) (citation omitted).[5]

Petitioner's claim is procedurally barred because Petitioner did not raise the claim on direct appeal.[6]   Moreover, he voluntarily dismissed his direct appeal prior to adjudication.  Accordingly, the claim was never exhausted and therefore is procedurally defaulted.

There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception.[7] The second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).  In the instant case, Petitioner has not demonstrated either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim one is procedurally barred.

_____

[5]Furthermore, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[6]*See, e.g., Smith v. State*, 909 So. 2d 972, 973 (Fla. 2d DCA 2005) (denying as procedurally barred vindictive sentence claim filed in motion for postconviction relief because the claim was not raised on direct appeal).

[7]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain habeas relief absent a showing of cause and actual prejudice.").

*Claim Two*

Petitioner contends that he received ineffective assistance of counsel because his trial

counsel did not object to the introduction of the drug evidence or move to suppress the drug

evidence during Petitioner's second trial.  Petitioner raised claim two in his motion for

postconviction relief, and the trial court denied it on the merits pursuant to *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  (*See* App. E at 3.)  The state appellate court affirmed the

denial.  *See Tynes v. State*, 879 So. 2d 642 (Fla. 5th DCA 2004).  For the following reasons, the

Court finds that claim two must be denied pursuant to 28 U.S.C. § 2254(d).

Section 2254(d), Title 28 of the United States Code provides as follows:

(d)      An application for a writ of habeas corpus on behalf of a person in
         custody pursuant to the judgment of a State court shall not be granted
         with respect to any claim that was adjudicated on the merits in State
         court proceedings unless the adjudication of the claim–

    (1)      resulted in a decision that was contrary to, or involved an
             unreasonable application of, clearly established Federal law, as
             determined by the Supreme Court of the United States; or

    (2)      resulted in a decision that was based on an unreasonable
             determination of the facts in light of the evidence presented in
             the State court proceeding.

28 U.S.C. § 2254(d).  As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*,

244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

Under the "contrary to" clause, a federal court may grant the writ if the state
court arrives at a conclusion opposite to that reached by [the Supreme Court]
on a question of law or if the state court decides a case differently than [the
Supreme Court] has on a set of materially indistinguishable facts.  Under the
'unreasonable application' clause, a federal habeas court may grant the writ
if the state court identifies the correct governing legal principle from [the

> Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id.* at 835-36; 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit has applied the test established by the Supreme Court in *Strickland* to guide its analysis of ineffective assistance of counsel claims. *See, e.g., Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000). Pursuant to *Strickland*, to maintain a claim for ineffective assistance of counsel, the defendant must demonstrate that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness" and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 688.

In the instant case, prior to his first trial Petitioner's trial counsel filed a motion to suppress the drug evidence based on the alleged illegal search and seizure of Petitioner. (App. A, Trial Ct. R. at 71-72.) The trial court conducted a hearing on the motion prior to trial and denied it, finding that the arresting officer had a reasonable suspicion that a drug crime was being or was about to be committed based on the totality of the circumstances. *Id.* at 8, 44. The case proceeded to trial, but the jury was unable to reach a verdict, resulting in a mistrial. *Id.* at 97. The trial court reset the case, and Petitioner was retried. *Id.*

At the beginning of the second trial, defense counsel renewed his objection to the admission of the cocaine into evidence based on the motion to suppress filed prior to the first trial. (App. B, Trial Tr. at 4.) The trial court considered the objection to be a renewal of the motion to suppress and denied it. *Id.* When the trial court admitted the cocaine into evidence during the trial, defense counsel stated that he had no objection. *Id.* at 43. Later during the trial, however, defense counsel reiterated that the admission of the cocaine into evidence was subject to his objections raised previously in the motion to suppress. *Id*. at 60-61.

The trial transcript clearly reflects that Petitioner's trial counsel did object to the admission of the drug evidence at the second trial, and therefore trial counsel's performance was not deficient. Accordingly, the Court concludes that the trial court's denial of Petitioner's claim of ineffective assistance of counsel pursuant to *Strickland* was not an unreasonable application of federal law or an unreasonable determination in light of the facts presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Williams D. Tynes is **DENIED**, and

this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __26th_ day of June,

2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 6/26
Williams D. Tynes
Counsel of Record

8